**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
CHIEF MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

May 4, 2026

LETTER TO COUNSEL:

      RE:    *Korey C. v. Frank Bisignano, Commissioner of Social Security*[1]
              Civil No. TJS-25-2512

Dear Counsel:

On July 31, 2025, Plaintiff Korey C. petitioned this Court to review the Social Security Administration's final decision to deny his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1. The case has been assigned to me for all proceedings with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties (ECF Nos. 10, 12 & 13), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Korey C. filed applications for DIB and SSI on April 2, 2021. In both applications, he alleged a disability onset date of March 3, 2020. *See* Tr. 28. His applications were denied initially and upon reconsideration. *Id.* A telephonic hearing was held before an ALJ on March 8, 2024. *Id.* After conducting the hearing, the ALJ issued a written decision in which he concluded that Korey C. was not disabled under the SSA. Tr. 28-39. The Appeals Council denied Korey C.'s request for review, making the ALJ's May 31, 2024 decision the final, reviewable decision of the agency.

The ALJ evaluated Korey C.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Korey C. has not engaged in substantial gainful activity since March 3, 2020. Tr. 30. At step two, the ALJ found that Korey C. suffers from the following severe impairments: "degenerative disc disease of the lumbar and cervical spine; obesity; sleep related breathing disorder; peripheral neuropathy; disorders of the urinary tract; affective disorder; and anxiety disorder" Tr. 31. At step three, the ALJ found that Korey C.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. He is therefore substituted as the defendant in this matter. See Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] This case was originally assigned to Judge Douglas R. Miller. On February 27, 2026, it was reassigned to me.

("Listings"). Tr. 31-32. The ALJ determined that Korey C. retains the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally climb ramps and stairs, climb ropes, ladders, or scaffolds, balance, stoop, kneel, crouch, or crawl. He can frequently use hand and foot controls bilaterally and can frequently reach, handle, finger, and feel with the left arm and hand. He is limited to simple, routine tasks, can interact frequently with supervisors and coworkers and occasionally with the public, and can only occasionally adjust to changes in the workplace setting.

Tr. 32-33.

At step four, the ALJ determined that Korey C. is unable to perform past relevant work. Tr. 37. At step five, considering the testimony provided by a vocational expert ("VE"), as well as the claimant's age, education, work experience, and RFC, the ALJ determined that Korey C. could perform jobs that exist in significant numbers in the national economy, including marker, routing clerk, and cleaner. Tr. 38.

Korey C. argues that the Court should remand the case to the agency because the ALJ failed to properly evaluate the medical opinion evidence and because the ALJ failed to provide a proper analysis of his symptoms.

The Court will start with Korey C.'s argument that the ALJ failed to properly evaluate the medical opinion of consultative examiner Doriscine Colley, M.D. ECF No. 10 at 8-9. "Until 2017, ALJs had to give 'controlling weight' to the medical opinion of an applicant's 'treating physician' so long as that opinion was 'well-supported . . . and [was] not inconsistent with the other substantial evidence in the case record.'" *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604 (4th Cir. 2025) (quoting *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 384 (4th Cir. 2021)); 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2). The 2017 amendment to the Social Security regulations changed how ALJs evaluate medical opinion evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017). Under the new rule, ALJs must "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Instead, they "shall consider all evidence available in [the] record," 42 U.S.C. § 423(d)(5)(B), and "evaluate the persuasiveness" of that evidence by applying a five-factor test, 20 C.F.R. §§ 404.1520c(a); 416.920c(a); *see also id.* §§ 404.1520c(b)(2), -(c); 416.920c(b)(2), -(c). The factors are: (1) supportability, (2) consistency, (3) relationship with the claimant (including length of treatment), (4) specialization, and (5) other factors (including the source's familiarity with other evidence and with the disability program's policies and evidentiary requirements). *Id.* §§ 404.1520c(c)(1)-(5); 416.920c(c)(1)-(5).

Supportability and consistency are the "most important factors." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Supportability means "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." *Id.* §§ 404.1520c(c)(1); 416.920c(c)(1). Consistency means "[t]he more consistent a medical opinion(s)

. . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id.* §§ 404.1520c(c)(2); 416.920c(c)(2).

In December 2022, Dr. Colley performed a consultative musculoskeletal examination of Korey C. Tr. 894-900. As part of her assessment, Dr. Colley stated:

> [Korey C.] is a 42-year-old endomorphic male who presents with a history of Lumbar Radiculopathy that required surgical intervention at the L4-5 level and now he appears to have developed a L5-S1 small disc protrusion. Today there was no clear signs of ongoing neurological deficits, only connective tissue pain. An EMG however would be helpful to clarify any ongoing neurological injury, especially at the L5-S1 level. *Patient demonstrates functional ROM of the upper and lower limbs as well as the spine. His limitation is with prolonged tasks such as standing, walking and medium to heavy lifting. This hinders him from returning to his premorbid occupation.* At this time the patient would benefit from some consistent conditioning via stretching and strengthening as well as a consistent Nutritional program. He would also benefit from a Vocational Program if not already participated in one through work comp.

Tr. 896 (emphasis added).

The ALJ provided the following evaluation of Dr. Colley's opinion:

> The consultative examiner, Doriscine Colley, M.D., stated that the claimant has functional range of motion of the upper and lower limbs as well as the spine, but would have limitation with prolonged tasks such as standing, walking, and medium to heavy lifting (Ex. B8F). This opinion is generally persuasive, as it is supported by Dr. Colley's examination findings, including functional gait and station, no difficulty lifting 10 lbs., and grossly normal strength, with signs of discomfort (Ex. B8F). Furthermore, this statement is consistent with prior and subsequent neurosurgical and pain management examinations, which similarly showed normal gait and strength (Ex. B7F, B14F).

Tr. 36.

In evaluating Dr. Colley's opinion, the ALJ discussed both consistency and supportability. But Korey C. argues that the ALJ's discussion of consistency was deficient because the ALJ only found the opinion "generally persuasive" and "provided no rationale for rejecting any of [Dr. Colley's] findings or conclusions." ECF No. 10 at 8-12. The Court rejects this argument for two reasons. First, Dr. Colley's opinion that Korey C. has a "limitation . . . with prolonged tasks such as standing, walking and medium to heavy lifting" is compatible with the ALJ's RFC finding. In finding that Korey C. could perform light work, the ALJ found that he could stand or walk, off and on, for an aggregate of six hours in an eight-hour workday. *See* SSR 83-10 ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."). Dr. Colley did not opine that Korey C. was incapable of standing or walking for any particular duration. Her opinion that Korey C. was limited in performing "prolonged tasks,"

3

considered in the context of her own examination findings (where she noted "[f]unctional gait and station with normal to slightly slow cadence," no need for an ambulatory aide, and the ability to go up and down stairs normally), is perfectly consistent with the ALJ's RFC determination. And the ALJ's finding that Dr. Colley's opinion was generally persuasive underscores the compatibility of the opinion with the ALJ's findings about Korey C.'s functional limitations.

Second, the ALJ's explanation of his consideration of Dr. Colley's opinion is sufficient for this Court to find that the decision is supported by substantial evidence. An ALJ is not required to accept all components of a medical source's opinion "just because the ALJ finds [the opinion] to be generally persuasive." *Turner v. Comm'r of Soc. Sec.*, No. 23-1760, 2024 WL 2764722, at *5 (4th Cir. May 30, 2024). And "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (internal citation and quotation marks omitted). So long as the ALJ's decision "reflects careful consideration of the record evidence and provides reasons connecting that evidence to the conclusions it reached about [the claimant's] RFC," the Court will have "everything it needs to undertake its review of that decision for substantial evidence." *Turner*, 2024 WL 2764722, at *5 (citing *Shinaberry v. Saul*, 952 F.3d 113, 122 (4th Cir. 2020)). Reading the ALJ's decision as a whole, the Court finds no error in the ALJ's consideration of Dr. Colley's opinion.

Korey C.'s other argument is that the ALJ failed to properly evaluate his subjective complaints. When evaluating a claimant's subjective complaints, "ALJs must use the two-step framework set forth in 20 C.F.R. § 404.1529 and SSR 16-3p." *Oakes v. Kijakazi*, 70 F.4th 207, 215 (4th Cir. 2023) (quoting *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020)). First, "the ALJ must determine whether objective medical evidence presents a 'medically determinable impairment' that could reasonably be expected to produce the claimant's alleged symptoms." *Oakes*, 70 F.4th at 215. Second, after finding a medically determinable impairment, "the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled." *Id.* (citation omitted). Objective evidence is not required at the second step. *Id.* "Rather, the ALJ must consider the entire case record, including the claimant's subjective statements about intensity, persistence, and limiting effects of symptoms—even if objective medical evidence does not substantiate them." *Id.* (citation omitted).

Korey C. argues that while the ALJ properly found him to have medically determinable impairments that could reasonably cause his alleged symptoms, the ALJ erred in his assessment of the intensity and persistence of those symptoms. ECF No. 10 at 9-11. His principal argument is that the ALJ relied on objective medical evidence as the sole basis for discounting his subjective symptom reports. An ALJ may "not disregard [a claimant's] statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged." SSR 16-3p, 2017 WL 5180304, at *5; *see Arakas*, 983 F.3d at 95-96; *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 360 (4th Cir. 2023). But an ALJ is not precluded from considering objective medical evidence as part of the analysis. *See* 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2) ("Objective medical evidence of this type is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work."). Such evidence is especially important where, as here, the claimant's

impairments (degenerative disc disease and peripheral neuropathy) are conditions whose severity can be meaningfully assessed with diagnostic imaging and clinical examination.

The ALJ found that Korey C.'s statements about the intensity, persistence, and limiting effects of his symptoms were inconsistent with the medical evidence, including notes of physical examinations that "consistently demonstrated full strength and normal gait, consistent with the capacity for light work." Tr. 34. The ALJ then went on to summarize the medical evidence of record, pointing specifically to evidence in these examinations related to Korey C.'s strength and gait. *Id.* at 34-37. Read as a whole, the ALJ's decision does not reflect an exclusive reliance on objective evidence to discount Korey C.'s complaints of disabling pain. The ALJ considered Korey C.'s reports of pain in the context of the medical evidence of record. As the ALJ noted, this evidence included reports that Korey C.'s strength and gait were largely normal, and that his symptoms had generally improved with treatment. Although Korey C.'s reported pain levels fluctuated over time, and the pain was sometimes severe, the question before the ALJ was not just the intensity of Korey C.'s pain, but the functional limitations that resulted from it. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (explaining that symptoms are not enough to establish disability and that "[t]here must be a showing of related functional loss"). The ALJ credited Korey C.'s complaints to a significant degree, limiting him to light work with substantial additional restrictions. The ALJ's RFC finding is supported by substantial evidence, and his reasoning is logically sound. Contrary to Korey C.'s argument, the Court is not left to guess about the ALJ's reasoning. Considered in its entirety, the ALJ's decision is sufficient to permit meaningful review. The Court finds no reversible error in the ALJ's evaluation of Korey C.'s subjective complaints.

For the reasons set forth herein, Korey C.'s Motion for Summary Judgment (ECF No. 10) will be **DENIED**, and the Commissioner's Motion for Summary Judgment (ECF No. 12) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
Chief United States Magistrate Judge